## BROWN v GREEN

Ohio Appeals, 7th Dist, Mahoning Co
Decided June 6, 1930

Leo S. Wilkoff, Youngstonw, for Brown.
Donald Seiple, Canton, for Green.

FARR, J.

The Record discloses that upon the above date Mrs. Brown went to the Vogue store and made the purchases in question. There is no doubt about that. It appears by the testimony of Mrs. Weisner who sold the goods that soon after Mrs. Brown left the store that she, Mrs. Weisner, perhaps learned from some one that difficulty had again arisen between the husband and wife, and she says that within a short time she went to the home to secure the return of the merchandise, but failed. It is not disclosed that Mrs. Brown at this time made any direct request that the goods be charged to her husband, James Brown. The clerk who sold the goods said that Mrs. Brown desired to take them home for "Jim's" approval, and that if she decided to keep them she would give her a check for the amount about two o'clock in the afternoon. She kept the goods but did not give the check. If Mrs. Brown had made the direct request that the goods be charged to her husband, then it would have been proper for the Vogue store to make such charge. However, the legal status of married women in Ohio must be considered in the determination of the issues raised here, and that is

fixed by 7989 GC, which reads as follows:

"May contract the same as if unmarried. A husband or wife may enter into any agreement engagement or transaction with the other, or with any other person, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other."

It is further provided by statute that the husband is primarily liable for the support of his wife and family, and it is a well understood principle of law that the husband is liable for necessaries furnished to his wife. However, the above section, 7999 GC, permits the wife to contract with persons as though unmarried. Now, what does the record disclose with reference to the wife's contract upon this occasion. It discloses that she had previously visited this store and made purchases, at least on a few occasions she had done so, and when she went in at this time she said to the proprietor, so it is claimed, that she would like to take the goods home for Jim's approval, and she was permitted to take them, and saying she would give her check at two o'clock in the afternoon, if she decided to keep the merchandise.

It was not sufficient to excuse Brown from any liability in this matter by showing that a year or a year and a half previous he had given notice that he would not be responsible for any debts contracted by his wife; because at that time the Vogue store was not in operation, Green was not then operating the Vogue store and there had been no notice given in any way after this notice a year or a year and a half before had been given, such notice would not bind the Vogue Store, and the conclusion is that this would not excuse Brown from the marital obligation that rested upon him under the statute. Mrs. Brown admits that her husband had left the night before during some controversy, but she says that she expected him to return as he had always done before. She knew when she made the purchase of the goods that her husband was in all probability not at home, that she could not have his approval, if she so stated to the lady in the store, so that her conduct upon that occasion does not show good faith entirely so far as the purchase was concerned. So far as her attitude towards her husband is concerned, that is quite a different matter, but what might the clerk in the store believe? As soon as she learned of the situation she tried to get the merchandise back. Mrs. Brown was evidently at home when Mrs. Weisner went to ask the return of the goods, but she did not answer the door. Mrs. Brown says herself that her husband had been delinquent in furnishing her the necessaries of life, and probably that is the case. Therefore, in prior transactions in that store Mrs. Brown says that she paid for what she purchased out of her own earnings. Mrs. Weisner would have a right under the circumstances to believe that this customer was again purchasing at her own expense, so that when suit was brought against the husband and wife jointly it was at the discretion of the proprietor of the Vogue store. Green might have properly decided to bring suit directly against the husband. Brown would no doubt have been liable for the merchandise furnished, but that raised the question, would the Vogue Store have a right to look to Mrs. Brown for all or any part of the bill? Mrs. Brown did not say to the store-keeper "Charge these goods to my husband, James Brown". She said she would take them home for his approval but that she would give her check about two o'clock in the afternoon if she kept the goods. She had bought her own clothing, so she says, prior to that time, with the exception of one dress. He evidently bought one dress, but it is an outstanding fact that she had previously made purchases at the store and paid for them. No doubt the store folks believed that she was again to become responsible for the goods. Under 7999 GC the Store had a right to bring action against these people jointly because the wife made the contract and she could contract as if unmarried. She did not, as above stated, direct that the charge be made expressly and only against her husband, James Brown. Therefore, the store had a right to bring action as it did and recover against the parties because she had made the contract. She was liable under the law and the trial court in the instant case finding that each party pay half the amount, was not in error for the reason given. It may be that a right of action obtains in favor of the wife against the husband, and as it is indicated in 30 CJ, 609, Sec. 159, under "Liability of Wife," where it is discussed at length, and the principle deducible is that if the wife has directed that the goods be charged to the husband the storekeeper must do so.

"Her personal liability does not necessarily relieve her husband from liability either to the seller or to the wife herself in event she shall be required to pay the seller."

And that seems to be the principle obtaining here, and a similar principle is announced in 13 R. C. L., 323.

Therefore, the conclusion must be in the light of this Record and applying the law as it is understood upon review of the case, that the Vogue Store had the right under the circumstances to bring an action against these parties jointly.

Having reached that conclusion, it follows that there was no error in the judgment of the court below and it is affirmed.

Pollock and Roberts, JJ, concur.